UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                                                                                    CASE NO. 8:23-cr-249-VMC-UAM

CHRISTOPHER RAYMOND JOSEPH

### UNITED STATES' SENTENCING MEMORANDUM

The United States of America files this sentencing memorandum in support of its sentencing recommendation. As set forth in greater detail below, based on the factors set forth in 18 U.S.C. §3553(a), including, among other things, the seriousness of the Defendant's criminal conduct, his age and lack of criminal history, and his willingness to take responsibility for his actions, the United States respectfully requests that the Court sentence the defendant to a term of imprisonment of six months, which falls at the low end of the advisory guidelines range, to be followed by three years of supervised release.

**I.   BACKGROUND**

On August 21, 2023, the Defendant pleaded guilty, pursuant to a plea agreement, to Count One of the Information, charging him with violating 18 U.S.C. §1519 on November 5, 2022, by deleting a record in a federal investigation. Docs. 37, 49, 54. The Probation Officer has determined that the Defendant's total offense level is 10 and that his Criminal History Category is I. Doc. 54, PSR at ¶¶ 43, 48.

According to the Presentence Investigation Report, the defendant's resulting advisory USSG range is a term of imprisonment of 6 to 12 months, and a term of supervised release of 1 to 3 years. Doc. 54, PSR at ¶¶ 81, 84-85.

## II.   SECTION 3553(a) FACTORS

For the reasons set forth below, the United States submits that a term of imprisonment of six months is "a sentence sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a). In this case, among other things, the sentence imposed should "promote respect for the law," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." *Id*.

The Defendant, an 18-year-old college freshman when he committed the charged offense, purposefully deleted a series of messages from his phone, late at night, in what he characterizes as a split-second decision made while panicking. *See* Doc. 54, PSR, Attachment at 1. The Defendant's split-second decision, however, immediately followed federal agents' specific instructions to preserve the messages and occurred after he well understood the messages' relation to a criminal investigation. *See* Doc. 37 at 19. He also attempted to call the person that the FBI was investigating--Omar Alkattoul--an individual with whom he had been communicating for a while and who had posted a threatening manifesto online. *See* Doc. 37 at 19-21.

The Defendant's conduct and lack of hesitation in doing exactly what FBI agents had told him *not* to do demonstrates an underlying lack of respect for the law

2

and underscores the need to afford adequate deterrence, specifically for this Defendant, and more generally to members of the public who may consider it noble or trendy to defy and obstruct law enforcement, or to engage in unlawful conduct against certain communities based on their ethnicity or religion.

Despite the Defendant's unfortunate and critical failure of judgment on November 5, 2022, he was subsequently cooperative with law enforcement. Within minutes of deleting the messages and attempting to call Alkattoul, the Defendant notified the FBI agents and began providing information relevant to the criminal investigation. Doc. 54, PSR at ¶¶ 22-28. The Defendant also met with prosecutors and federal agents and candidly described what he knew about the facts and circumstances surrounding the charged offense and another district's broader investigation into Alkattoul's threat to Jewish individuals and synagogues. Although the Defendant's cooperation ultimately did not rise to the level of substantial assistance under USSG § 5K1.1, the United States is satisfied that he attempted in good faith to fully share all relevant information.

Beyond any term of incarceration which the Court deems appropriate in this case, the United States seeks the maximum period of subsequent supervision. A lengthy period of supervised release will provide the United States adequate time to ensure that the Defendant has matured, that he has learned from this very serious mistake, and that the aims of specific deterrence have been met. Given the Defendant's persistent and hate-filled social-media activity, the United States also seeks a special condition of supervised release requiring the Defendant to refrain

from using social media and to participate in mental health treatment as deemed appropriate by the U.S. Probation Office.

### III.  CONCLUSION

Based on the factors in 18 U.S.C. §3553(a), including the history and characteristics of the defendant and the need for the sentence to afford adequate deterrence, the United States respectfully requests that this Court sentence the defendant, Christopher Raymond Joseph, to a term of imprisonment of six months, followed by a term of supervised release of three years.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:   */s/Joseph H. Wheeler III*
Joseph H. Wheeler III
Special Assistant United States Attorney
Florida Bar No. 87451
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone:   (813) 274-6000
Facsimile:   (813) 274-6358
E-mail:   joseph.wheeler2@usdoj.gov

*/s/ Cherie L. Krigsman*
Cherie L. Krigsman
Assistant United States Attorney
Florida Bar No. 0048764
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Cherie.Krigsman@usdoj.gov

5

U.S. v. CHRISTOPHER JOSEPH   Case No. 8:23-cr-249-VMC-UAM

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Matthew Farmer, Esq.

          */s/Joseph H. Wheeler III*
          Joseph H. Wheeler III
          Special Assistant United States Attorney
          Florida Bar No. 87451
          400 North Tampa Street, Suite 3200
          Tampa, Florida 33602
          Telephone: (813) 274-6000
          Facsimile: (813) 274-6358
          E-mail: joseph.wheeler2@usdoj.gov