IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                 CASE NO. 8:23-cr-249-VMC-UAM

CHRISTOPHER RAYMOND JOSEPH,

    Defendant.
_____/

## **DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, Christopher Joseph, through his undersigned counsel, hereby provides his Sentencing Memorandum in advance of his sentencing hearing scheduled for Friday, November 17, 2023, at 10:00 a.m.

Mr. Joseph respectfully requests this Court to impose a sentence of no more than nine months' probation, a sentence that falls within the advisory Guidelines range.

Mr. Joseph is a "zero-point offender," and his advisory Guidelines sentence falls with Zone B of the Sentencing Table. According to USSG § 5C1.1., comment. (n.10(A)),

> *Zero-Point Offenders in Zones A and B of the Sentencing Table.-*
> If the defendant received an adjustment under 4C1.1 (Adjustment for Certain Zero-Point Offenders) and the defendant's applicable guideline range is Zone A or B of the

> Sentencing Table, *a sentence other than a sentence of imprisonment, in accordance with subsection (b) or (c)(3), is generally appropriate.* See U.S.C. § 994(j).

USSG § 5C1.1, comment. (n. 10(A)) (emphasis added). Accordingly, Mr. Joseph requests a Guidelines sentence of no more than nine months' probation, the mid-point of the applicable 6 – 12 month range.

## MEMORANDUM OF LAW

The parties agree that Mr. Joseph's advisory Guidelines sentence has been accurately calculated as a total offense level of 10, and a Criminal History Category of I, establishing a range of 6-12 months.

According to the Plea Agreement, the government agreed to recommend to the Court a sentence at the low range of the applicable guideline range. (Doc. 37 at 4). The government has accordingly recommended a term of six months, albeit in the form of imprisonment, not probation, to be followed by three years of supervised release.

As an initial observation, the government's recommended three-year term of supervised release would fall at the high, not low, range. The guideline range for a term of supervised release, if Mr. Joseph were sentenced to incarceration, is one year to three years. *See* final Presentence Report, (Doc. 54 at 13), *citing* USSG §5D1.2(a)(2)).

Much more significantly, though, Mr. Joseph requests this Court to impose an advisory Guidelines sentence of probation, not imprisonment,

which is available to this Court because the Guidelines sentencing range falls in Zone B. Since the applicable guideline range is in Zone B of the Sentencing Table, the minimum term (of the 6 - 12 month range) may be satisfied by:

   (1) a sentence of imprisonment; or

   (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in subsection (e), provided that at least one month is satisfied by imprisonment; *or*

   (3) *a sentence of probation* that includes a condition or combination of conditions that substitute intermittent confinement, community confinement or home detention for imprisonment according to the schedule in subsection (e).

USSG § 5C1.1(c) (emphasis added). Moreover, because Mr. Joseph is a "zero-point offender" whose sentence falls within Zone B of the Sentencing Table, a sentence other than imprisonment is, as of November 1, 2023, "generally appropriate" under the Guidelines. USSG § 5C1.1, comment. (n. 10(A)).

Mr. Joseph acknowledges, as reflected above, that a sentence of probation is subject to conditions. Again, probation is authorized as long as "the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention as provided in subsection (c)(3) of § 5C1.1 (Imposition of a Term of

3

Imprisonment)." USSG § 5B1.1(a)(2). According to the pertinent commentary,

> Where the applicable guideline range is in Zone B of the Sentencing Table (i.e., the minimum term of imprisonment specified in the guideline range is at least one but not more than nine months). In such cases, the court may impose probation only if it imposes a condition or combination of conditions requiring a period of community confinement, home detention, or intermittent confinement sufficient to satisfy the minimum term of imprisonment specified in the guideline range.

USSG § 5B1.1, comment. (n. 1(B)).

Because the guideline imprisonment range is 6-12 months, at least 6 months must therefore be served as community confinement, home detention, or intermittent confinement, alone or in combination. Mr. Joseph has previously served four months of home detention, as a condition of his pretrial release, from December 8, 2022 to April 7, 2023. *See* December 8, 2022 Order Setting Conditions of Release (Doc. 12 at 3) (order imposing home detention); April 7, 2023 Order (Doc. 21 at 1) (order removing home detention).

Accordingly, Mr. Joseph's request for a sentence in accordance with the advisory Guidelines has one exception. He requests a variance only to the extent of recognizing his previous service of four months of home detention, and reducing his term of home detention from six to four months.

Applying the 18 U.S.C. § 3553(a) factors, Mr. Joseph echoes the government acknowledgment that his young age, 18, and his immediate efforts to cooperate fully with the government are pertinent mitigating factors. Mr. Joseph self-reported his offense within 19 minutes of its commission, and since that time has met with law enforcement officials on several occasions. In addition, he has sustained severe collateral consequences for his conduct. A first-semester college student at the time of his offense, Mr. Joseph was immediately barred from his college campus, and permanently expelled shortly thereafter. Equally severe is the fact that he is now a convicted felon, which unfortunately will have persistent adverse impacts on his future personal and professional life.

A sentence of no more than nine months' probation is adequate punishment under the totality of the circumstances of this case.

WHEREFORE, Christopher Joseph provides his Sentencing Memorandum and requests a sentence of no more than nine months' probation.

Respectfully submitted,

FARMER & FITZGERALD, P.A.

/s/ *Matthew Farmer*
Matthew P. Farmer, Esq.
Fla. Bar No. 0793469
800 W. De Leon St.
Tampa, FL 33606
(813) 228-0095
FAX (813) 224-0269
MattFarmer1@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to the following on the 15th day of November, 2023:

AUSA Joseph Wheeler, III
Joseph.wheeler2@usdoj.gov

AUSA Cherie Krigsman
Cherie.Krigsman@usdoj.gov

/s/ *Matthew Farmer*
COUNSEL